**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

**UNIT 3B 11 BEACH LLC**

                  Plaintiff,

- against -

**DAVID KIM**

                  Defendant.
------------------------------------------------------------x

Docket No: 21-CV-3068

**COMPLAINT**

Plaintiff by its attorneys, ROSEN LAW LLC for its complaint in this action, alleges as follows:

**JURISDICTION AND VENUE**

1. That the United States District Court for the Southern District of New York has jurisdiction over the parties, pursuant to Title 28 of the United States Code §1332(a)(1) as the Plaintiff and Defendant are citizens of different states and supplemental jurisdiction pursuant to Title 28 of the United States Code §1167, which provides the District Court with jurisdiction based on diversity of citizenship.

2. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. The United States District Court for the Southern District of New York has venue pursuant to Title 28 of the United States Code §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York, and the real property that is the subject of the action is situated and located at 11 Beach Street, New York, New York.

4. Plaintiff demands a jury trial.

5. This is an action for, *inter alia*, tortious interference with prospective business relationships between Plaintiff and third parties, abuse of process and malicious prosecution.

6. The real property which is the subject of this action is located at and known as condominium unit 3B at 11 Beach Street, New York, County of New York, City and State of New York (the "Real Property") in the 11 Beach Street Condominium.

## AS AND FOR A FIRST CLAIM FOR RELIEF FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

7. Plaintiff is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 40 Fulton Street, 22ND Floor, New York, New York.

8. Plaintiff is the owner of the Real Property having acquired the Real Property on November 20, 2020.

9. Defendant DAVID KIM ("Defendant") is an individual residing in the State of Connecticut.

10. On December 21, 2020, Defendant filed, or caused to be filed, a summons and complaint against Plaintiff in the office of the New York County Clerk.

11. On December 21, 2020, Defendant filed, or caused to be filed, a notice of pendency in the office of the New York County Clerk, against the Real Property (the "Notice of Pendency"), claiming that Defendant was the contract vendee / purchaser under a contract of sale dated September 19, 2016 between HFZ 11 Beach Street LLC and Defendant for the Real Property.

12. Upon information and belief, Defendant never entered into any contract of sale for the Real Property with HFZ 11 Beach Street LLC, who was the seller of the Real Property to Plaintiff.

13. On or about September 19, 2016, Defendant entered into an option agreement for the Real Property with HFZ 11 Beach Street LLC (the "Option Agreement"), and Defendant never exercised his option to purchase the Real Property.

14. The law firm of Holland & Knight, LLP was the escrow agent named in the Option Agreement.

15. The Option Agreement, specially stated that "Sponsor is hereby granting Purchaser an option to purchase the Unit for the Purchase Price described in paragraph 4.1" of the Option Agreement.

16. Under the Option Agreement, Defendant was required to pay the sum of $239,700 as a first installment option payment ("First Installment").

17. Defendant failed to pay the First Installment option payment to Escrow Agent in the amount of $239,700.

18. Under the Option Agreement, Defendant was required to pay the sum of $239,700 as a second installment option payment ("Second Installment").

19. Defendant failed to pay the Second Installment option payment to Escrow Agent in the amount of $239,700.

20. Upon information and belief, Defendant never paid any deposit or downpayment to Escrow Agent, in accordance with the Option Agreement, and the Option Agreement was not valid and/or was void.

21. Defendant did not comply with the terms of the Option Agreement.

22. Defendant had no valid option to acquire the Real Property from HFZ 11 Beach Street LLC.

23. Defendant had never had any right to acquire the Real Property.

24. Upon information and belief, Defendant filed the Notice of Pendency against the Real Property with no basis in law, with no cognizable cause of action against Plaintiff, and in bad faith, in an attempt to coerce H F Z CAPITAL GROUP, LLC, Ziel Feldman and/or Nir Meir to repay approximately $2.7 million in funds that Defendant had loaned to H F Z Capital Group, LLC.

25. Defendant filed an action in New York State Supreme Court against HFZ 11 BEACH STREET LLC, H F Z CAPITAL GROUP, LLC, ZIEL FELDMAN, ADAM FELDMAN, NIR MEIR, 11 BEACH STREET RC LLC, UNIT 3B 11 BEACH LLC and HOLLAND & KNIGHT, LLP (the "Action") for money damages and had no right to file a notice of pendency against the Real Property.

26. Defendant filed the Action against the proper party defendant, H F Z CAPITAL GROUP, LLC, whom Defendant loaned monies to, however, Defendant filed an improper notice of pendency against the Real Property, which has caused damages to Plaintiff.

27. At all relevant times, Defendant had no legal right to prevent Plaintiff from selling or mortgaging the Real Property, however, because of the filing of the Notice of Pendency by Defendant, Plaintiff has been, and is presently prevented from selling or mortgaging the Real Property.

28. Defendant has caused and continues to cause damages to Plaintiff.

29. The filing of the Notice of Pendency by Defendant has caused Plaintiff to lose a transaction for the sale of the Real Property for the sum of $4,375,000, causing damage to Plaintiff.

30. Plaintiff has, and is continuing to suffer damages by the inability to sell or mortgage the Real Property, solely due to Defendant's wrongful conduct in filing of the Notice of Pendency against the Real Property.

31. Plaintiff paid the consideration of $3,164,325 for the Real Property on November 20, 2020.

32. Defendant has never claimed in a complaint or pleading filed by Defendant in the Action that the Real Property is or was "unique" and that Defendant must have ownership of the Real Property; Therefore, money damages would suffice and the notice of pendency was improperly filed, maliciously in order to cause damage to Plaintiff and to attempt to coerce H F Z CAPITAL GROUP, LLC, Ziel Feldman and/or Nir Meir to repay approximately $2.7 million in funds that Defendant had loaned to H F Z Capital Group, LLC between approximately 2012 and 2016.

33. Upon information and belief, Defendant provided approximately $2,700,000 as loans to H F Z CAPITAL GROUP, LLC which has no nexus to the Real Property.

34. Upon information and belief, Defendant provided approximately $2,700,000 as loans to H F Z CAPITAL GROUP, LLC which has no nexus to the Plaintiff.

35. Defendant is among dozens of other individuals and entities that loaned monies to H F Z CAPITAL GROUP, LLC, and is an unsecured creditor of H F Z CAPITAL GROUP, LLC.

36. Defendant has no right of any kind to the Real Property.

37. Defendant had no privity with Plaintiff and improperly named Plaintiff as a defendant in the Action.

38. At all relevant times, Defendant has no interest in the Real Property.

39. At all relevant times, Defendant had no right to file the Notice of Pendency against the Real Property.

40. Defendant has attempted to create a nexus between the loans made by Defendant and Defendant's loans made to H F Z CAPITAL GROUP, LLC to the Real Property, which was made in bad faith.

41. Defendant has attempted to create a nexus between the loans made by Defendant and Defendant's loans made to H F Z CAPITAL GROUP, LLC to Plaintiff, which was made in bad faith.

42. Upon information and belief, Defendant made a series of loan transactions beginning in 2012 totaling more than $2.7 million with the loans made by Defendant to H F Z Capital Group LLC.

43. Upon information and belief, Defendant has not made payments of any kind to HFZ 11 BEACH STREET LLC or to Escrow Agent for the purchase of the Real Property.

44. Upon information and belief, Defendant has not made payments of any kind to HFZ 11 BEACH STREET LLC or to Escrow Agent to exercise his option to acquire the Real Property under the Option Agreement.

45. Defendant made loans to H F Z Capital Group LLC, prior to the 11 Beach Street Condominium being legally created under New York law.

46. Defendant made loans to H F Z Capital Group LLC, prior to the 11 Beach Street Condominium being filed with, and accepted for filing with the New York State Department of Law.

47. On or about February 26, 2021, John Doe and Jane Doe, such names being fictitious to protect their identity, agreed to purchase the Real Property from Plaintiff for the sum of $4,375,000, not contingent upon financing with a closing to occur on or about 75 days from the execution of a contract of sale.

48. John Doe and Jane Doe and Plaintiff had a meeting of the minds for Plaintiff to sell, and for John Doe and Jane Doe to purchase the Real Property.

49. John Doe and Jane Doe refused to execute a contract of sale once John Doe and Jane Doe discovered that Defendant filed a Notice of Pendency against the Real Property, because there was no certainty of when Plaintiff could convey title to the Real Property to John Doe and Jane Doe due to the Defendant's filing of the Notice of Pendency.

50. Defendant tortiously interfered with Plaintiff's ownership of the Real Property.

51. Defendant tortiously interfered with Plaintiff's prospective contract of sale between Plaintiff and John Doe and Jane Doe for the Real Property.

52. Due to Defendant's filing of the Notice of Pendency, Plaintiff has suffered damages by being unable to sell the Real Property, and damages for the common charges, real estate taxes, utility charges and insurance payments that Plaintiff was and is required to pay during the period that the Notice of Pendency has, and continues to encumber, and/or be recorded against the Real Property.

53. Due to Defendant's filing of the Notice of Pendency, Plaintiff has suffered damages by loss of rental income for the Real Property during the period that the Notice of Pendency has and continues to encumber, and/or be recorded against the Real Property.

54. Defendant has adversely affected Plaintiff's right, title and interest in the Real Property.

55. A notice of pendency is an extraordinary privilege because of the relative ease by which it can be obtained and its powerful effect on the alienability of real property in New York State.

56. Defendant has adversely affected the alienability of the Real Property by the filing of the Notice of Pendency by Defendant.

57. Defendant acted out of malice in filing the Notice of Pendency.

58. Defendant knew that Plaintiff was attempting to sell the Real Property when Defendant filed the Notice of Pendency.

59. On or about March 1, 2021, Plaintiff had a relationship with John Doe and Jane Doe for the purchase of the Real Property.

60. On or about March 1, 2021, Defendant knew that Plaintiff had purchasers, John Doe and Jane Doe for the purchase of the Real Property.

61. Defendant knew that Plaintiff had purchasers, John Doe and Jane Doe for the purchase of the Real Property.

62. Defendant refused to remove the Notice of Pendency filed by Defendant against the Real Property.

63. Defendant acted solely out of malice that amounted to an independent tort of tortious interference with business relations of Plaintiff.

64. Defendant's interference caused injury to the relationship that Plaintiff had with John Doe and Jane Doe.

65. Plaintiff has suffered damages as a result of Defendant's conduct.

66. By reason of the foregoing, Plaintiff has been damaged by Defendant in an amount to be determined at trial, but anticipated to be in excess of $5,000,000, plus attorneys' fees, costs, expenses and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ABUSE OF PROCESS

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" with the same force and effect as though more fully set forth at length herein.

68. Defendant's Notice of Pendency herein constitutes regularly issued process.

69. Defendant's summons and complaint filed in the Action constitutes regularly issued process.

70. By wrongfully commencing and maintaining the Action, wrongfully filing the Notice of Pendency, Defendant intends to do Plaintiff harm without excuse or justification.

71. Defendant has engaged in the foregoing conduct and used civil process in a perverted manner to obtain a collateral objective.

72. By reason of the foregoing, Plaintiff has been damaged by Defendant in an amount to be determined at trial, but anticipated to be in excess of $5,000,000, plus attorneys' fees, costs, expenses and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION FOR MALICIOUS PROSECUTION

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "72" with the same force and effect as though more fully set forth at length herein.

74. By wrongfully commencing and maintaining the Action and wrongfully filing the Notice of Pendency, Defendant has wrongfully initiated and maintained a legal proceeding against Plaintiff.

75. Defendant's claims against Plaintiff were brought and maintained in the Action without probable cause.

76. By the Action, Defendant is attempting to damage Plaintiff in order for Defendant to attempt to recover the funds from loans that Defendant made to H F Z CAPITAL GROUP, LLC.

77. As such, Defendant has acted with malice against Plaintiff and the Action was initiated with malice against Plaintiff.

78. The Action will terminate in Plaintiff's favor.

79. Plaintiff has suffered special injury, including but not limited to unlawful restraint on the alienation of the Real Property.

80. By reason of the foregoing, Plaintiff has been damaged by Defendant in an amount to be determined at trial, but anticipated to be in excess of $5,000,000, plus attorneys' fees, costs, expenses and disbursements.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    A.    On the First Claim for Relief, for monetary damages against Defendant in an amount to be determined at trial, but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees;

    B.    On the Second Claim for Relief, for monetary damages against Defendant in an amount to be determined at trial, but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees;

    C.    On the Third Claim for Relief, for monetary damages against Defendant in an amount to be determined at trial, but anticipated to be no less than $5,000,000, plus interest, costs, disbursements and attorney's fees; and

    D.    granting such other relief as may be proper.

Dated:    April 8, 2021
             Great Neck, New York

_____
Gary Rosen, Esq. (GR-8007)
ROSEN LAW LLC
Attorneys for Plaintiff
UNIT 3B 11 BEACH LLC
216 Lakeville Road
Great Neck, New York 11020
516-437-3400

**DOCKET NO. 21-CV-**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNIT 3B 11 BEACH LLC**

                Plaintiff,

- against -

**DAVID KIM**

                Defendant.

---

**COMPLAINT**

**SIGNATURE (RULE 11)**

_____

**GARY S. ROSEN, ESQ.**

                **ROSEN LAW LLC**
                **216 Lakeville Road**
                **Great Neck, New York 11020**
                **(516) 437-3400**