UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNIT 3B 11 BEACH LLC                                    **DOCKET NO.: 21-CV-3068 (LGS)**

               Plaintiff,

    -   against –

DAVID KIM

               Defendant.
-----------------------------------------------------------X

## <u>PLAINTIFF'S MEMORANDUM OF LAW<br>IN OPPOSITION TO<br>DEFENDANT'S MOTION TO DISMISS</u>

Gary Rosen, Esq. (GR-8007)
Rosen Law LLC
Attorneys for Plaintiff
UNIT 3B 11 BEACH LLC
216 Lakeville Road,
Great Neck, New York 11020
516-437-3400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................iii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ...................................................................................................5

ARGUMENT .......................................................................................................................6

I.      STANDARD OF REVIEW .....................................................................................6

II.     The First Claim for Relief for Tortious Interference should not be dismissed...........11

III.    The Second Claim for Relief for Prima Facie Tort Claim, the Fifth Claim for Relief for Abuse of Process is withdrawn without prejudice, the Sixth Claim for Relief for Malicious Prosecution and the Eighth Claim for Relief for Slander of Title are withdrawn without prejudice ...............................................................................14

IV.     The Third Claim for Relief and Fourth Claim for Relief for the Fraud and Fraudulent Misrepresentation Claims should not be dismissed.............................................14

V.      The Seventh Claim for Relief for Civil Conspiracy should not be dismissed ...........19

VI.     The Ninth Claim for Relief for Injurious Falsehood should not be dismissed ..........21

VII.    The Tenth Claim for Relief for Private Nuisance should not be dismissed...............23

VIII.   Leave to Replead.........................................................................................24

Conclusion .......................................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                            <u>Page(s)</u>

<u>Ashcroft v. Iqbal</u>,
556 U.S. 662, 678 (2009)……………………………………………………………..6, 10

<u>Belfiore v. Procter & Gamble Co.</u>,
94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015)..………………………………………..…...9

<u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544, 570, 127 S.Ct. 1955, 1965 (2007)…………………………………...6, 9, 10

<u>Bridgeport Music Inc. v. UMG Recording, Inc.</u>,
No. 05 Civ. 6430(VM)(JCF), 2008 WL 113672, 6 (S.D.N.Y. Jan. 10, 2008)...………......8

<u>Cortec Industries, Inc. v. Sum Holding, L.P.</u>,
949 F.2d 42 (S.D.N.Y. 1993) ……………………………………………………………25

<u>Deronette v. The City of New York</u>,
2007 WL 951925 (E.D.N.Y. 2007) …………………………………………………...25

<u>Devaney v. Chester</u>,
709 F.Supp, 1255,1265 (S.D.N.Y. 1989) …………………………………………….24

<u>DiFolco v. MSNBC Cable L.L.C.</u>,
622 F.3d 104 (2d Cir. 2010) ……………………………………………………………9

<u>Eastman Kodak Company v. Camarata</u>,
No. 05 Civ. 6384 (DGL), 2006 WL 3538944, at 2 (W.D.N.Y. Dec. 6, 2006)…………..8

<u>Friedman v. Maspeth Fed. Loan & Sav. Ass'n</u>,
30 F. Supp. 3d 183 (E.D.N.Y. 2014) …………………………………………………..8

<u>Global Network Communications, Inc. v. City of New York</u>,
458 F.3d 150, 155 (2d Cir. 2006)...……………………..…………………………………8

<u>Harris v. City of New York</u>,
186 F.3d 243, 247 (2d Cir.1999) ……………………………………………...9, 10

<u>Harris v. Mills</u>,
572 F.3d 66 (2d Cir. 2009) ……………………………………………………......9

<u>Hayden v. County of Nassau</u>,
180 F.3d 42 (2d Cir. 1999)    …………………………………………………......9

International Motion Sports Group v. Gordon,
98 Civ. 5611, 1999 WL 619633, at 3 (S.D.N.Y. Aug. 16. 1999) …………………………11

Juvenile Matters Trial Lawyers Association v. Judicial Department,
363 F. Supp.2d 239, 243 (D. Conn. 2005)…………………………………………………10

London v. Polishook,
189 F.3d 196, 199 (2d Cir. 1999) ……………………………………..………………10

Luce v. Edelstein,
802 F.2d 49, 56-7 (2d Cir.  1986)……………………………………………………......24

Mangiafico v. Blumenthal,
471 F.3d 391 (2d Cir. 2006) …………………………………………………………………9

Mills v. Polar Molecular Corp.,
12 F.3d 1170, 1174 (2d Cir.1993) ……………………………………………………………25

N.Y. State Catholic Health Plan, Inc. v. Academy O&P Associates,
2015 U.S. Dist. LEXIS 169526 (E.D.N.Y. Dec. 18, 2015)………………………………8

Oxford Asset Management, Ltd. v. Jaharis,
297 F.3d 1182, 1188 (11th Cir. 2002) …………………………………………………..10

Raila v. United States,
355 F.3d 118, 119 (2d Cir. 2004) ……………………………………………………………10

Simon-Whelan v. Andy Warhol Foundation/or the Visual Arts, Inc.,
No. 07 Civ. 6423 (LTS), 2009 WL 1457177, at 4 (S.D.N.Y. May 26, 2009) …………11

Slayton v. Am.  Express Co.,
460 F.3d 215, 230 (2d Cir.2006) ...………………………………………………………24

Smith v. City of New York,
2015 WL 4008642 (E.D.N.Y. June 30, 2015) ……………………………………………....9

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236, 240 (2d Cir. 2002) ……………………………………………………………10

Sobek v. Quatttrochi,
2004 WL 2809989 (S.D.N.Y. 2004) ……………………………………………………………25

**Statutes**

Fed. R. Civ. Pro. 15(a)(2) ...................................................................................24

Plaintiff UNIT 3B 11 BEACH LLC ("Plaintiff"), respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss pursuant to Fed.R.Civ.Pro. §12(b)(6). Defendant states in their memorandum of law that "… in the alternative, to stay proceedings on any claims that are not dismissed pending resolution of the related state-court litigation" (Defendant's memorandum of law, Doc. No. 23, page 8 of 30). Defendant sets forth no basis whatsoever to seek a stay of this action.

## PRELIMINARY STATEMENT

On April 8, 2021, Plaintiff filed the complaint in this action. On May 7, 2021, Plaintiff filed the First Amended Complaint ("FAC") in this action as of right. Plaintiff was formed as a New York limited liability company on October 2, 2020 (Declaration of Eli Weiss, ¶6).

Plaintiff is the owner of the condominium unit known as Unit 3B, located at 11 Beach Street, New York, New York (the "Condominium Unit"). Plaintiff acquired the Condominium Unit by deed on November 20, 2020, for the consideration of $3,164,325 (Declaration of Eli Weiss, ¶7, 8, 9).

Defendant refers to a state court action in their motion to dismiss, which is not relevant to the claims for relief that are sought against Defendant in the amended complaint in this action. The claims in this action stand on their own against Defendant (Declaration of Eli Weiss, ¶11).

Plaintiff herein had filed a motion to dismiss the complaint filed by Defendant against Plaintiff in the State Court Action (as discussed herein), and Plaintiff has not answered the complaint in the state court action because Plaintiff herein filed a pre-answer motion to dismiss. Plaintiff has the right to pursue its claims against Defendant in this action, based on diversity of citizenship.

Ultimately, a notice of pendency that Defendant herein filed against the Condominium

Unit owned by Plaintiff will be discharged due to it being fatally defective, however, Plaintiff has already been damaged by Defendant, and Plaintiff need not wait until the State Court Action is dismissed or concluded prior to Plaintiff asserting its claims against Defendant for the damages that Plaintiff has already, and continues to sustained.

Plaintiff commenced this action against Defendant David Kim for ten (10) claims for relief as follows:

(i)     Tortious Interference With Prospective Business Relationships (First Claim for Relief); (ii) Prima Facie Tort (Second Claim for Relief); (iii) Fraud (Third Claim for Relief); (iv) Fraudulent Misrepresentation (Fourth Claim for Relief); (v) Abuse of Process (Fifth Claim for Relief); (vi) Malicious Prosecution (Sixth Claim for Relief); (vii) Civil Conspiracy (Seventh Claim for Relief); (viii) Slander of Title (Eighth Claim for Relief); (ix) Injurious Falsehood (Ninth Claim for Relief); and (x) Private Nuisance (Tenth Claim for Relief).

This action is completely separate and apart from an action which was commenced by Defendant David Kim, in the Supreme Court of the State of New York, County of New York, in a multi-defendant action filed as Index No. 657153/2020, which the caption is: "David Kim v. HFZ 11 Beach Street LLC, H F Z Capital Group, LLC, Ziel Feldman, Adam Feldman, Nir Meir, 11 Beach Street RC LLC, Unit 3B 11 Beach LLC, and Holland & Knight, LLP" (the "State Court Action"). The State Court Action is not merely a lawsuit between the Plaintiff and Defendant in this action. The State Court Action has eight (8) different defendants, and while there are sixteen (16) distinct causes of action brought by Defendant herein, David Kim in the State Court Action, only six (6) of the sixteen (16) causes of action in the State Court Action are brought against the Plaintiff herein, Unit 3B 11 Beach LLC[1]. The State Court Action should have

---

[1] The second cause of action for specific performance, third cause of action for constructive trust, fourth and fifth causes of action for voidable transfer, thirteenth cause of action for tortious interference with the purchase

no bearing on the Plaintiff's FAC in this action, and no stay of any kind would be proper under the law and in equity. Defendant David Kim's primary claims in the State Court Action are not against Plaintiff herein, Unit 3B 11 Beach LLC.

It is respectfully submitted that Defendant's filing of the State Court Action is to just tie up the Condominium Unit until Defendant David Kim can collect the monies that he loaned to HFZ Capital, which has nothing to do with the Plaintiff's ownership of the Condominium Unit.

It is respectfully submitted that Plaintiff has cognizable claims against the Defendant in this action for, *inter alia*, Defendant's preventing Plaintiff from being able to sell or mortgage the Condominium Unit. It is respectfully submitted that that is sufficient to sustain the claims for relief set forth in the FAC that Plaintiff has not voluntarily withdrawn as set forth herein. In order to avoid the questionable claims for relief, questionable only as to timing and whether certain claims for relief must await the decisions in the State Court Action, Plaintiff has voluntarily withdrawn certain claims for relief as set forth in the FAC. The remaining claims for relief are ripe for this Court.

At the present time, there is a motion to dismiss all of the causes of action that Defendant David Kim brought against Plaintiff in the State Court Action. Even if a claim survived in the State Court Action against Plaintiff herein, Unit 3B 11 Beach LLC, Plaintiff Unit 3B 11 Beach LLC has the right to assert its claims at this time, for: Tortious Interference With Prospective Business Relationships (First Claim for Relief); Fraud (Third Claim for Relief);  Fraudulent Misrepresentation (Fourth Claim for Relief); Civil Conspiracy (Seventh Claim for Relief); Injurious Falsehood (Ninth Claim for Relief); and Private Nuisance (Tenth Claim for Relief), against Defendant David Kim based on the allegations contained in the FAC, and based upon diversity of citizenship between Plaintiff, a New York limited liability company, whose members

documents, and the sixteenth cause of action for aiding and abetting fraud.

are citizens of New York, and Defendant David Kim, a resident of the State of Connecticut.

First and foremost, Plaintiff is voluntarily withdrawing, without prejudice, the following claims for relief contained in the FAC: Prima Facie Tort (Second Claim for Relief); Abuse of Process (Fifth Claim for Relief); Malicious Prosecution (Sixth Claim for Relief); and Slander of Title (Eighth Claim for Relief).

Defendant, in its motion to dismiss, primarily discussed the Fifth Claim for Relief for Abuse of Process and the Sixth Claim for Relief for Malicious Prosecution, and Defendant failed to adequately address any valid basis for dismissal of the claims for Tortious Interference With Prospective Business Relationships (First Claim for Relief); Fraud (Third Claim for Relief); Fraudulent Misrepresentation (Fourth Claim for Relief); Civil Conspiracy (Seventh Claim for Relief); Injurious Falsehood (Ninth Claim for Relief); and  Private Nuisance (Tenth Claim for Relief) contained in the FAC.

It is respectfully submitted that the Prima Facie Tort (Second Claim for Relief); Abuse of Process (Fifth Claim for Relief); Malicious Prosecution (Sixth Claim for Relief); and Slander of Title (Eighth Claim for Relief) can possibly be viewed at not being ripe at this time, so Plaintiff withdraws the Second Claim for Relief, the Fifth Claim for Relief, the Sixth Claim for Relief, and the Eighth Claim for Relief, to avoid any unnecessary waste of judicial resources for those claims for relief at this time.

However, the claims for relief contained in the FAC clearly properly and adequately allege the allegations and elements required to state a cause of action for: Tortious Interference With Prospective Business Relationships (First Claim for Relief); Fraud (Third Claim for Relief); Fraudulent Misrepresentation (Fourth Claim for Relief); Civil Conspiracy (Seventh Claim for Relief); Injurious Falsehood (Ninth Claim for Relief); and Private Nuisance (Tenth

Claim for Relief).

Defendant filed his motion pursuant to Fed. R. Civ. P. 12(b)(6). This is not a motion for summary judgment. It is respectfully submitted that Plaintiff set forth the elements required to state cognizable claims for relief, sufficient to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

It is respectfully submitted that the FAC states with particularity the circumstances constituting the fraudulent actions by Defendant David Kim. In the event that the court believes that further amplification of any of the claims for relief are required, then Plaintiff respectfully requests leave to file a second amended complaint. The only amended complaint was filed as of right, without leave of court required.

## STATEMENT OF FACTS

Plaintiff respectfully refers to the Declaration of Eli Weiss, member of Plaintiff for the facts. It is respectfully submitted that Plaintiff has stated claims for relief, within the four corners of the FAC against Defendant David Kim as stated above.

As stated in the Defendant's memorandum of law, the Defendant's claims in the State Court Action are primarily and really about the allegation that was specifically stated by Defendant David Kim in the amended complaint in the State Court Action that "Between 2012 and January 2016, [Defendant David] Kim lent more than $2.7 million to a real estate developer known as H F Z Capital Group LLC ("HFZ Capital"). (FAC ¶ 31; Shore Decl. Ex. "B" ¶ 22). Plaintiff Unit 3B 11 Beach LLC is not, and is not affiliated with H F Z Capital Group LLC. This action is very distinct and apart from the State Court Action which Defendant herein David Kim filed against eight (8) different individuals and entities. It is respectfully submitted that Plaintiff herein has a right to sue Defendant David Kim in this Court for allegations that stand on their

own, without any relevance to the State Court Action against seven (7) defendants other than Plaintiff herein.

**ARGUMENT**
**POINT I**
**STANDARD OF REVIEW**

Judge Schofield stated in <u>Bhatnagar v Parsons Sch. of Design at the New Sch.</u>, 2021 US Dist LEXIS 107411, at 4-5 (S.D.N.Y. June 8, 2021) that "On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, <u>Montero v. City of Yonkers</u>, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations." <u>Stadnick v. Vivint Solar, Inc.</u>, 861 F.3d 31, 35 (2d Cir. 2017). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 555).

A court will only grant a 12(b)(6) motion when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College</u>, 128 F.3d 59, 63 (2d Cir. 1997) (citation and internal quotations omitted). When deciding a 12(b)(6) motion, a court "must accept as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the

plaintiff." *Id.* Walther v Maricopa Intl. Inv., Corp., 1998 US Dist LEXIS 15592, at 3-4 (S.D.N.Y. Sep. 30, 1998, 97 Civ. 4816 (HB)).

It is respectfully submitted that the FAC contains well-pleaded factual allegations, and all the Court should draw all reasonable inferences in favor of Plaintiff, being the non-moving party.

It is respectfully submitted that the FAC contains sufficient factual matter, which the Court should deem accepted as true, which states a claim to relief that is plausible on its face on the following claims for relief contained in the FAC: Tortious Interference With Prospective Business Relationships (First Claim for Relief), Fraud (Third Claim for Relief), Fraudulent Misrepresentation (Fourth Claim for Relief), Civil Conspiracy (Seventh Claim for Relief), Injurious Falsehood (Ninth Claim for Relief) and Private Nuisance (Tenth Claim for Relief).

It is respectfully submitted that the Defendant in his memorandum of law, makes legal arguments regarding the facts of the State Court Action, which is not responsive to the Plaintiff's claims for relief in this action against Defendant.

It is respectfully submitted that the Defendant did not move this Court to transfer venue or stay this action, and as such, Defendant's focus in its memorandum of law should have been on the Plaintiff's claims in this action, and not the claims made by Defendant in the State Court Action against eight (8) different defendants for sixteen (16) different causes of action, where the Plaintiff herein is only one (1) of the eight (8) defendants in the State Court Action, for a minority of the claims alleged by Defendant herein David Kim against the multiple defendants in the State Court Action.

Had the Defendant filed for a motion to stay this action, which Defendant has not done, it is respectfully submitted that the Plaintiff would have shown that the private interests of the Plaintiff in proceeding expeditiously with this action as balanced against the prejudice to the

Plaintiff if delayed would warrant a denial of a motion to stay; (2) the private interests of, and burden on the Defendant would warrant a denial of a motion to stay; and (3) the interests of this Court would warrant a denial of a motion to stay.  However, Defendants has not properly moved for a stay of this action.

On a motion to dismiss the pleading, only the sufficiency of the pleading, not the merits of the lawsuit, is under scrutiny. Bridgeport Music Inc. v. UMG Recording, Inc., No. 05 Civ. 6430(VM)(JCF), 2008 WL 113672, 6 (S.D.N.Y. Jan. 10, 2008).

"[l]t is well to remember what issues are raised by filing a motion to dismiss, especially at the early stage of litigation. This Motion is addressed only to the sufficiency of the pleading. It is not a vehicle to mine the merits of the case, including the strength of plaintiffs claims ... [t]he test now is whether there is any set of facts that could, if proven, support plaintiff's claim or claims " Eastman Kodak Company v. Camarata, No. 05 Civ. 6384 (DGL), 2006 WL 3538944, at 2 (W.D.N.Y. Dec. 6, 2006); Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006) (the purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiffs statement of claim for relief *without* resolving any contest regarding the substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it).

It is respectfully submitted that the FAC is sufficient as a pleading. Defendant attempts to use the motion to dismiss as a vehicle to mine the merits of the case. The test to use for the FAC is whether there are any set of facts contained in the FAC that could, if proven, support plaintiff's claim or claims. It is respectfully submitted that the facts contained in the FAC can be proven and support plaintiff's claim or claims.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." N.Y. State Catholic Health Plan, supra; Friedman v. Maspeth Fed. Loan & Sav. Ass'n, 30 F. Supp. 3d 183, 188-89 (E.D.N.Y. 2014); Belfiore v. Procter & Gamble Co., 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015); Smith v. City of New York, No. 14-CV-4982, 2015 WL 4008642, at 2 (E.D.N.Y. June 30, 2015).

"[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." N.Y. State Catholic Health Plan, supra. citing Bell Atl. Corp., supra. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). It is the "legal feasibility of the complaint," and not the weight of the evidence, that must be assessed. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir. 2010); Smith v. City of New York, supra.

In considering a motion pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. N.Y. State Catholic Health Plan, supra citing DiFolco, supra; Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). Where a document is not incorporated by reference, the court may consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint. Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); DiFolco, supra.

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." Harris v. City of New York,

186 F.3d 243, 247 (2d Cir.1999). While courts must accept all precisely worded factual allegations as true, legal conclusions or unsupported inferences or assumptions in a complaint need not be accepted in the context of deciding a Rule 12 motion. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

When considering a motion to dismiss under Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in the favor of the plaintiff. Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). However, "[i]t is the affirmative burden of the party invoking [federal subject matter] jurisdiction . . . to proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction." Juvenile Matters Trial Lawyers Ass'n v. Judicial Department, 363 F. Supp.2d 239, 243 (D. Conn. 2005) (quoting London v. Polishook, 189 F.3d 196, 199 (2d Cir. 1999).

As *set* forth in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007), Rule 8 requires simple notice pleading. Twombly, 127 S.Ct. at 1964 (a complaint does not need detailed factual allegations). Twombly neither modifies nor alters the notice pleading requirement in Rule 8. Rather Twombly establishes a plausibility standard to evaluate the sufficiency of a pleading's allegations. Now, in order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (2009) (a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged); <u>Twombly</u> at 1966 ("the need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief'").

Rule 9(b) "requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." <u>Simon-Whelan v. Andy Warhol Foundation/or the Visual Arts, Inc.</u>, No. 07 Civ. 6423 (LTS), 2009 WL 1457177, at 4 (S.D.N.Y. May 26, 2009) (particularity requires the plaintiff to (1) specify the statements that were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent); <u>International Motion Sports Group v. Gordon</u>, 98 Civ. 5611, 1999 WL 619633, at 3 (S.D.N.Y. Aug. 16. 1999) (Rule 9(b) does not require a plaintiff to plead dates, times and places with absolute precision, so long as the complaint gives fair and reasonable notice to defendants of the claim and the grounds upon which it is based). Applying this liberal pleading standard, it is clear that the FAC sets forth viable claims which preclude dismissal and that the facts, as alleged, satisfy the heightened Fed.R.Civ.P 9 pleading standard for fraud.

**POINT II**
**THE FIRST CLAIM FOR RELIEF FOR TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE BUSINESS RELATIONS SHOULD NOT BE DISMISSED**

It is respectfully submitted that within the four corners of the FAC, the allegations and elements are stated for a Claim for Relief against Defendant for tortious interference with a business relationship. As such claim is stated in the FAC, it is respectfully submitted that the claim should not be dismissed on a motion to dismiss under Fed.R.Civ.P 12(b)(6).

When deciding a motion to dismiss, the court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits,

and any documents incorporated in the complaint by reference." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007); accord <u>Faulkner v. Beer</u>, 463 F.3d 130, 134 (2d Cir. 2006). "When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." <u>Friedl v. City of New York</u>, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). <u>Kastrat v United States Fire Ins. Co.</u>, 2011 US Dist LEXIS 174422, at 8 (S.D.N.Y. Feb. 16, 2011).

Defendant tortiously interfered with a business relationship between Plaintiff and individuals known to Plaintiff, but alleged in the complaint as John Doe and Jane Doe for confidentiality reasons (FAC ¶¶ 86, 87, 88, 90, 98, 99, 100 and 103) who attempted to purchase the Condominium Unit from Plaintiff. There was a contract of sale that Plaintiff was about to enter into with John Doe and Jane Doe, who but for the tortiously interference by Defendant David Kim, would have been entered into and which would have resulted in the sale of the Condominium Unit by Plaintiff for $4,375,000. During discovery, Plaintiff will demonstrate that it was only Defendant David Kim's tortious interference that prevented the sale of the Condominium Unit to John Doe and Jane Doe for $4,375,000.  The fact is that FAC properly and adequately alleges a cognizable cause of action against Defendant for Defendant David Kim's tortious interference that prevented the sale of the Condominium Unit to John Doe and Jane Doe for $4,375,000. That should be sufficient to withstand a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff has alleged very thoroughly with comprehensive details in paragraphs "7" through "105" of the FAC, stating how Defendant tortiously interfered with a business

relationship between Plaintiff and John Doe and Jane Doe for the sale by Plaintiff of the Condominium Unit. It is respectfully submitted that the allegations contained in the FAC state the elements required by the Second Circuit to state a claim for tortious interference with business relations.

Under New York law, a claim for tortious interference with business relations requires a showing that "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 261 (2d Cir. 2015) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 132 (2d Cir. 2008)). "Conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." Symquest Grp., 186 F. Supp. 3d at 268 (alteration omitted) (quoting Carvel Corp. v. Noonan, 3 N.Y.3d 182, 192, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004)). ADYB Engineered for Life, Inc. v Edan Admin. Servs., 2021 US Dist LEXIS 59666, at 51-52 (S.D.N.Y. Mar. 29, 2021 (Judge Vyskocil), No. 1:19-cv-7800-MKV)).

It is respectfully submitted that the FAC alleges sufficient facts and allegations in paragraphs "7" through "105" of the FAC to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). It is respectfully submitted that Plaintiff is entitled to move forward with its case against Defendant on the First Claim for Relief for tortious interference with business relations.

It is respectfully submitted that all that Plaintiff need do is provide the allegations in the FAC that states a claim for relief for tortious interference with business relations under New York law, which the FAC does.

**POINT III**
**SECOND CLAIM FOR RELIEF FOR PRIMA FACIE TORT**
**FIFTH CLAIM FOR RELIEF FOR ABUSE OF PROCESS**
**SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION, AND**
**EIGHTH CLAIM FOR RELIEF FOR SLANDER OF TITLE**
**ARE WITHDRAWN WITHOUT PREJUDICE**

Plaintiff withdraws its claims without prejudice for (a) Prima Facie Tort as the Second Claim for Relief in the FAC, (b) Abuse of Process as the Fifth Claim for Relief in the FAC, (c) Malicious Prosecution as the Sixth Claim for Relief in the FAC and Slander of Title as the Eighth Claim for Relief in the FAC.

**POINT IV**
**THIRD CLAIM FOR RELIEF AND FOURTH CLAIM FOR RELIEF FOR FRAUD AND**
**FRAUDULENT MISREPRESENTATION CLAIMS SHOULD**
**NOT BE DISMISSED**

It is respectfully submitted that within the four corners of the FAC, the allegations and elements are stated for a Claim for Relief against Defendant for fraud and fraudulent misrepresentation. As such claim is stated in the FAC, it is respectfully submitted that the claim should not be dismissed on a motion to dismiss under Fed.R.Civ.P 12(b)(6).

Plaintiff was a bona fide purchaser of the Condominium.

Defendant fraudulently filed a notice of pendency against the Condominium in public records, knowing that Plaintiff was a bona fide purchaser of the Condominium who paid consideration in the sum of $3,164,325 for the Condominium Unit.

In Herman v Herman, 2020 US Dist LEXIS 76704, at 15 (S.D.N.Y. Apr. 30, 2020, No. 19-CV-3662 (JMF), Judge Furman stated that "A strong inference of fraudulent intent may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." (internal quotation marks omitted)); Minnie Rose LLC

v. Yu, 169 F. Supp. 3d 504, 518 (S.D.N.Y. 2016) ("In order to raise a strong inference of scienter through 'motive and opportunity' plaintiffs must allege defendants benefitted in some concrete and personal way from the purported fraud." (internal quotation marks omitted)).

In this case, Defendant filed a notice of pendency against the Condominium purchased by Plaintiff in a fraudulent attempt to force a non-party to this action, HFZ Capital to repay monies that Defendant loaned to HFZ Capital. Defendant knew that HFZ Capital, the entity that he loaned money was not the seller of the Condominium Unit, and was not the Sponsor of the Condominium Unit. Defendant by his fraud, had attempted to link or tie Defendant's loans to HFZ Capital to the Condominium Unit. There is absolutely no link or nexus between Defendant's loans to HFZ Capital and the Condominium Unit.

Paragraph "16" of the FAC states that "Defendant David Kim filed the Notice of Pendency against Plaintiff's Condominium Unit as an afterthought and a wrongful manner to recover monies that Defendant David Kim loaned to H F Z Capital Group LLC, which is affiliated with the Seller, but which is NOT the Seller."  Paragraph "17" of the FAC states that "Defendant David Kim filed the Notice of Pendency against Condominium Unit solely as leverage against H F Z Capital Group LLC which had no ownership interest in the Condominium Unit, but Defendant David Kim believes that his actions were a manner to recover over $2,700,000 that Defendant David Kim loaned to H F Z Capital Group LLC."  Paragraph "18" of the FAC states that "Defendant David Kim actions by filing a Notice of Pendency against the Condominium Unit were harmful and injurious to Plaintiff." Paragraphs "116" through "125" of the FAC state with specificity, the allegations of fraud committed by Defendant against Plaintiff. Paragraphs "127" through "134" of the FAC state with specificity, the allegations of fraudulent misrepresentation committed by Defendant against Plaintiff.

The FAC alleges that Plaintiff knowingly interfered with Plaintiff's ownership interests in the Condominium by the frauds and fraudulent actions of Defendant to cause harm to Plaintiff. Defendant loaned monies to H F Z Capital Group LLC, which has nothing to do with Plaintiff, but Defendant committed frauds upon Plaintiff in order to attempt to pressure third parties, such as H F Z Capital Group LLC to pay Defendant monies, all while the Defendant has caused severe economic damages to the Plaintiff.

Defendant failed to apprise this Court in its motion papers that in the Second Circuit, some courts have held by a false representation to a third party which causes damages to a plaintiff is sufficient to state a claim for fraud against a defendant. See O'Brien v. Argo Partners, Inc., 736 F. Supp. 2d 528, 537 (E.D.N.Y. 2010) (holding that "fraud may exist where a false representation is made to a third party") (quoting Ruffing, 308 A.D.2d at 528), Chevron Corp. v. Donziger, 871 F. Supp. 2d 229, 2012 U.S. Dist. LEXIS 67207, 2012 WL 1711521, at *17 (S.D.N.Y. May 14, 2012), and Hyosung Am. Inc. v. Sumagh Textile Co., Ltd., 25 F. Supp. 2d 376, 383-84 (S.D.N.Y. 1998) ("[A] plaintiff may state a claim for fraud where a defendant's misrepresentation caused a third party to extinguish its financial obligation to the plaintiff.") (citing Buxton, 239 A.D.2d at 453-54).  "that the New York Court of Appeals' previous decisions allowing recovery for common law fraud based on third party reliance remains authoritative and, in any case, that that Court, were it faced with the question anew, would adhere to that position. Prestige Bldr. & Mgt. LLC v Safeco Ins. Co. of Am., 896 F Supp 2d 198, 205 (E.D.N.Y. 2012).

"The applicability of that doctrine (Third-Party Reliance Doctrine) to this case was presaged by Buxton Mfg. Co. v. Valiant Moving & Storage, Inc., 239 A.D.2d 452, 657 N.Y.S.2d 450 (2d Dep't 1997). In Buxton, the defendant had a contract with a government agency to

replace heat exchangers, which it purchased from the plaintiff. Id. at 453. An employee of the defendant then sent a "progress payment certification" to the government agency representing that all subcontractors had been fully paid. The plaintiff, claiming that it had not been fully paid, sued the defendant for fraud. Id. The defendant moved to dismiss the claim, arguing that any allegedly fraudulent representations were directed at the government agency, so plaintiff could not satisfy the elements of fraud. Id. The Supreme Court denied the motion and the Appellate Division affirmed, stating that "[f]raud . . . may also exist where a false representation is made to a third party, resulting in injury to the plaintiff." Id. at 453-54 (citing Eaton, Cole & Burnham Co. v. Avery, 83 N.Y. 31 (1880); Rice v. Manley, 66 N.Y. 82 (1876)). Prestige, supra.

The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559, 910 N.E.2d 976, 883 N.Y.S.2d 147 [2009]). Harpia Asset Mgt. LLC v Shanbaum, 2020 NY Slip Op 30953[U], 8 (Supreme Ct., N.Y. Co. 2020).

The New York State Appellate Division, Second Department recently stated that "To prevail on a cause of action for fraudulent misrepresentation, a plaintiff must allege a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury…. A cause of action to recover damages based on fraudulent omission or fraudulent concealment may lie against a defendant who had a duty to disclose material information but failed to do so. John v Varughese, ___AD3d___, 2021 NY Slip Op 03026, 1 (Second Dept., May 12, 2021).

It is respectfully submitted that the FAC alleges the elements and facts sufficient to sustain a claim for relief for fraud and fraudulent misrepresentation, to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Defendant's filing of the notice of pendency against the Condominium was a material misrepresentation by Defendant of a fact and not a true fact. Defendant knew of its falsity when Defendant filed the notice of pendency because (i) Defendant knew that the Plaintiff paid valuable consideration for the Condominium Unit, (ii) Defendant knew that Plaintiff was a bona fide purchaser for value, (iii) Defendant knew that the only party that owed money to Defendant was H F Z Capital Group LLC, (iv) Defendant knew that Defendant never paid any deposit to any person or entity for the purchase of the Condominium Unit to Defendant, (v) Defendant knew that there was not even one penny paid by Defendant to anyone which would have entitled Defendant to acquire the Condominium Unit under any circumstances.  Defendant committed a fraud upon Plaintiff, among Defendant committing a fraud upon others.

By filing a notice of pendency against the Condominium Unit, Defendant's filing was made with the intent to induce third parties to rely on the filing of the notice of pendency, and by the notice of pendency being filed by Defendant in public records, the Defendant's intent was to prevent third parties from purchasing the Condominium Unit from Plaintiff, which is exactly what occurred. See O'Brien, supra; Ruffing, supra; Chevron Corp. supra; Hyosung Am. Inc. supra; Prestige Bldr. & Mgt. LLC, supra; Buxton Mfg. Co., supra.

Third party purchasers justifiably relied upon the notice of pendency filed by Defendant for its truth, but the fact is that the notice of pendency does not disclose in such public records that (i) Defendant knew that the Plaintiff paid valuable consideration for the Condominium Unit, (ii) Defendant knew that Plaintiff was a bona fide purchaser for value, (iii) Defendant knew that

the only party that owed money to Defendant was H F Z Capital Group LLC, (iv) Defendant knew that Defendant never paid any deposit to any person or entity for the purchase of the Condominium Unit to Defendant, (v) Defendant knew that there was not even one penny paid by Defendant to anyone which would have entitled Defendant to acquire the Condominium Unit under any circumstances. Due to Defendant's fraudulent conduct, Plaintiff has suffered damages and injuries that Plaintiff can prove in this case against Defendant.

It is respectfully submitted that the FAC alleges sufficient facts, allegations and specificity to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). It is respectfully submitted that Plaintiff is entitled to move forward with its case against Defendant on the Third Claim for Relief for Fraud and the Fourth Claim for Relief for Fraudulent Misrepresentation.

**POINT V**
**SEVENTH CLAIM FOR RELIEF FOR CIVIL CONSPIRACY**
**SHOULD NOT BE DISMISSED**

Defendant in his memorandum of law states nothing more than "The Seventh Claim in the FAC is for "civil conspiracy." (FAC ¶¶ 149-155). This claim should be dismissed because no independent tort of civil conspiracy is recognized in New York." The fact is that Defendant is wrong.

It is respectfully submitted that within the four corners of the FAC, the allegations and elements are stated for a Claim for Relief against Defendant for civil conspiracy. As such claim is stated in the FAC, it is respectfully submitted that the claim should not be dismissed on a motion to dismiss under Fed.R.Civ.P 12(b)(6).

To establish a claim of civil conspiracy, the plaintiff must demonstrate the primary tort, plus the following four elements: an agreement between two or more parties; an overt act in furtherance of the agreement; the parties' intentional participation in the furtherance of a plan or

purpose; and resulting damage or injury" (Cohen Bros. Realty Corp. v Mapes, 181 AD3d 401, 404, 119 NYS3d 478 [1st Dept 2020] [internal quotations and citations omitted[). Bargain Me Online LLC v Ofek, 2021 NY Slip Op 31058[U], 5 (Supreme Ct., N.Y. Co. April 2, 2021).

Paragraphs "149" through "155" of the FAC state with specificity, the allegations to state a cause of action for civil conspiracy under New York law.

Plaintiff has alleged the independent tort of tortious interference, fraud, fraudulent misrepresentation, injurious falsehood and private nuisance, which is required as part of the requirement to state a cause of action for civil conspiracy under New York law. In addition thereto, Plaintiff has alleged in the complaint an agreement between two or more parties; an overt act in furtherance of the agreement; the parties' intentional participation in the furtherance of a plan or purpose; and resulting damage or injury.

Paragraph "150" of the FAC states that "Defendant David Kim and H F Z Capital Group LLC (a non-party) had an agreement with each other concerning the Condominium Unit."

Paragraph "151" of the FAC states that "In furtherance of the agreement between Defendant David Kim and H F Z Capital Group LLC, and in Defendant David Kim's attempt to recover over $2,700,000 in loans that Defendant David Kim gave to H F Z Capital Group LLC, Defendant David Kim and H F Z Capital Group LLC acted by causing Seller to execute a contract for the sale of the Condominium Unit to Defendant David Kim."

Paragraph "152" of the FAC states that "The plan and purpose of the scheme between Defendant David Kim and H F Z Capital Group LLC was to cause Seller to convey the Condominium Unit to Defendant David Kim, without Defendant David Kim or H F Z Capital Group LLC, having paid any monies to Seller or Escrow Agent for the Condominium Unit.

Paragraph "153" of the FAC states that "A further plan and purpose of the scheme between Defendant David Kim and H F Z Capital Group LLC was to cause Defendant David Kim to file a Notice of  Pendency against the Condominium Unit, so that H F Z Capital Group LLC would not have to repay the loans that H F Z Capital Group LLC received from Defendant David Kim, and to cause Plaintiff to have to pay monies to Defendant David Kim for no justificable or valid reason."

Paragraph "154" of the FAC states that "Because of the intentional participation by Defendant David Kim and H F Z Capital Group LLC in furtherance of their plan or purpose, Plaintiff has suffered damages and injuries."

Paragraph "155" of the FAC states that "By reason of the foregoing, Plaintiff has been damaged by Defendant David Kim in an amount to be determined at trial, but anticipated to be in excess of $6,000,000, plus attorneys' fees, costs, expenses and disbursements."

The elements required under New York law to state a cause of action for civil conspiracy is stated in the FAC.

It is respectfully submitted that the FAC alleges sufficient facts, allegations and specificity to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6). It is respectfully submitted that Plaintiff is entitled to move forward with its case against Defendant on the Seventh Claim for Relief for Civil Conspiracy.

**POINT VI**
**THE NINTH CLAIM FOR RELIEF FOR INJURIOUS FALSEHOOD**
**SHOULD NOT BE DISMISSED**

Plaintiff has a cognizable claim for injurious falsehood as the Ninth Claim for Relief in the FAC as set forth below.

Plaintiff's filing of the notice of pendency against the Condominium Unit was an

utterance that disparaged the Condominium Unit and caused a potential purchaser to refrain from purchasing the Condominium Unit from Purchaser solely due to the malfeasance of Defendant in filing the notice of pendency.

"For the most part the injurious falsehood cases have been concerned with aspersions upon the title to property, or its quality. Any type of legally protected property interest that is capable of being sold may be the subject of disparagement. Lampert v Edelman, 24 AD2d 562, 562 (1st Dept. 1965).

In Lampert, Id., the New York State Appellate Division, First Department stated that "The fact is that it is one for injurious falsehood, insofar as the first and second causes of action are concerned. As Prosser points out the cases in this area go back to the 16th century (Prosser, Torts [3d ed.], p. 938). Of such cases, he says: "For the most part the injurious falsehood cases have been concerned with aspersions upon the title to property, or its quality. Any type of legally protected property interest that is capable of being sold may be the subject of disparagement" (id. p. 941). The class of case has untold examples in New York. They are cited by Prosser. (See, also, 35 N. Y. Jur., Libel and Slander,  § 194 et seq.) Restatement, Torts (§ 624) gives the rule as follows: "One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused." (Cf. id. §§ 625-634.) The undisputed facts in this case for the purposes of this motion establish two distinct injurious disparagements of plaintiffs' property: first, that the purported easement of ingress and egress was spurious or doubtful; and second, that the structure upon the property was poorly built. Special damage was alleged, as is

essential in this class of case, in the sale of the property in question at a price less by $ 8,000 than its fair value. Whether in fact plaintiffs will be able to prove such damage on the trial is quite another matter and on that issue the court, of course, does not and may not now pass. Nor does the court pass upon the falsity of the alleged disparagements. As for the qualified privilege asserted by defendants, they had no common interest or other supporting relationship with the broker or the prospective customer, and therefore no privilege existed (see Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 60-61; Restatement, Torts, § 650; Prosser, op. cit. supra, pp. 947-950)."

In Henneberry v Sumitomo Corp. of Am., 415 F Supp 2d 423, 470-471 (S.D.N.Y. 2006), the Court cited to Lampert v. Edelman, 24 A.D.2d 562, 261 N.Y.S.2d 450, 451 (App. Div. 1965) (holding that a cause of action for injurious falsehood existed where the statements concerned plaintiffs' real property); and to Cunningham v. Hagedorn, 72 A.D.2d 702, 422 N.Y.S.2d 70, 73 (App. Div. 1979) ("The action for injurious falsehood lies when one publishes false and disparaging statements about another's property . . . ." (citing Lampert, 261 N.Y.S.2d at 451))..."

It is respectfully submitted that the notice of pendency filed by Defendant in the New York County Clerk's office was improperly and intentionally filed to cause Plaintiff damages and injuries, and maliciously filed by Defendant to prevent Plaintiff from selling or mortgaging the Condominium Unit.

**POINT VII**
**TENTH CLAIM FOR RELIEF FOR**
**PRIVATE NUISANCE SHOULD NOT BE DISMISSED**

The elements of a private nuisance cause of action are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" Copart Indus. v

Consolidated Edison Co. of N.Y., 41 NY2d 564, 570, 362 N.E.2d 968, 394 N.Y.S.2d

169; Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 703, 964 N.Y.S.2d 588). Curry v

Matranga, ___AD3d___, 2021 NY Slip Op 03304, 1 (May 26, 2021).

It is respectfully submitted that within the four corners of the FAC, the allegations and

elements are stated for a Claim for Relief against Defendant for private nuisance. As such claim

is stated in the FAC, it is respectfully submitted that the claim should not be dismissed on a

motion to dismiss under Fed.R.Civ.P 12(b)(6).

Defendant created a private nuisance on the Condominium Unit owned by Plaintiff.

Plaintiff has alleged very comprehensive details in paragraphs "167" through "173" of

the FAC, stating how Defendant created a private nuisance, and the statements made therein

comply with New York law on stating a cause of action for a private nuisance.

It is respectfully submitted that the allegations contained in the FAC state the elements

required to state a claim for private nuisance.

### POINT VIII
### IN THE ALTERNATIVE,
### PLAINTIFF REQUESTS LEAVE TO REPLEAD

If the Court determines that the FAC as currently drafted should be dismissed because it

lacks and requires more particularized or definitive allegations, then dismissal should not be

"with prejudice", but rather without prejudice, and the Court should permit Plaintiff to file a

second amended complaint. Plaintiff should be granted leave to replead. It is axiomatic in this

Circuit that even if the pleadings are deemed insufficient, "[l]eave to replead is to be liberally

granted." Slayton v. Am.  Express Co., 460 F.3d 215, 230 (2d Cir.2006); *see also,* Luce v.

Edelstein, 802 F.2d 49, 56-7 (2d Cir.  1986); Devaney v. Chester, 709 F.Supp, 1255,1265

(S.D.N.Y. 1989); Fed. R. Civ. P. § 15(a) (leave to replead is "freely given when justice so

requires"); *see. e.g.,* <u>Cortec Industries, Inc. v. Sum Holding, L.P.,</u> 949 F.2d 42 (S.D.N.Y. 1993). Leave to replead should be denied only if repleading would be futile. <u>Sobek v. Quatttrochi,</u> 2004 WL 2809989 (S.D.N.Y. 2004). In assessing futility, the 12(b)(6) standard is applied; all well pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader. <u>Mills v. Polar Molecular Corp.,</u> 12 F.3d 1170, 1174 (2d Cir.1993). If Plaintiff may be able to allege facts that would entitle him to relief, leave to replead should be granted. <u>Deronette v. The City of New York,</u> 2007 WL 951925 (E.D.N.Y. 2007).

Here, repleading would not be futile. To the contrary, Plaintiff can plead the allegations to be contained in a second amended complaint, with greater clarity, resolving any deficiencies that the Court may find in any of the six claims for relief that remain (after withdrawal by Plaintiff of the claims for relief for Prima Facie Tort (Second Claim for Relief), Abuse of Process (Fifth Claim for Relief), Malicious Prosecution (Sixth Claim for Relief) and Slander of Title (Eighth Claim for Relief) as stated above.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff UNIT 3B 11 BEACH LLC respectfully requests an order (1) Denying Defendant's motion to dismiss, (2) in the alternative granting Plaintiff leave to file a second amended complaint; and (3) awarding such other relief as may be just, proper and equitable.

Dated: June 25, 2021
      Great Neck, New York

                                      _____
                                        Gary Rosen, Esq. (GR-8007)
                                        Rosen Law LLC
                                        Attorneys for Plaintiff
                                        UNIT 3B 11 BEACH LLC
                                        216 Lakeville Road
                                        Great Neck, New York 11020
                                        516-437-3400