UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
UNIT 3B 11 BEACH LLC,                                       :

                Plaintiff,                 :       No. 21 CV 3068 (LGS)

     -against-                                             :

DAVID KIM,                                                  :

                Defendant.                :

                                         :
------------------------------------------------------------------

## DEFENDANT'S REPLY MEMORANDUM OF LAW ON HIS MOTION TO DISMISS THE AMENDED COMPLAINT

GANFER SHORE LEEDS & ZAUDERER LLP
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
(212) 922-9335 (facsimile)
sshore@ganfershore.com
*Attorneys for Defendant, David Kim*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 4

I.  THE REMAINING CLAIMS OF THE FAC SHOULD BE DISMISSED .............. 4

    A.  The Tortious Interference Claim (First Claim) Should Be Dismissed ............. 5

    B.  The Fraud and Fraudulent Misrepresentation Claims
        (Third and Fourth Claims) Should Be Dismissed ............................................ 6

    C.  The Civil Conspiracy Claim (Seventh Claim) Should Be Dismissed .............. 7

    D.  The Injurious Falsehood Claim (Ninth Claim) Should Be Dismissed ............. 7

    E.  The Private Nuisance Claim (Tenth Claim) Should Be Dismissed .................. 8

II.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSSED
    WITHOUT LEAVE TO REPLEAD AND WITH PREJUDICE ............................. 8

III.  IF ANY CLAIMS ARE NOT DISMISSED, THEY
     SHOULD BE STAYED PENDING THE STATE COURT ACTION ..................... 9

IV.  AN AWARD OF SANCTIONS IS APPROPRIATE ................................................ 9

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                  **Page(s)**

*35-45 May Assocs. v. Maylock Assocs.*,
   162 A.2d 389 (1st Dep't 1990) .................................................................................................... 1, 6

*Bargain Me Online LLC v. Ofek*,
   Index No. 655810/2020, 2021 N.Y. Misc. LEXIS 1478
   (Sup. Ct. N.Y. Co. Apr. 2, 2021) ..................................................................................................... 7

*Berenger v. 261 W. LLC*,
   93 A.D.3d 175 (1st Dep't 2012) ...................................................................................................... 8

*Budhani v. Monster Energy Co.*,
   No. 20-cv-1409 (LJL), 2021 U.S. Dist. LEXIS 54551 (S.D.N.Y. Mar. 12, 2021) ...................... 3

*Buxton Mfg. Co. v. Valiant Moving & Storage, Inc.*,
   239 A.D.2d 452 (2d Dep't 1997) ..................................................................................................... 6

*Caldwell v. Barriere*,
   844 Fed. App'x 461 (2d Cir. 2021) ................................................................................................ 9

*Casa de Meadows Inc. (Cayman Islands) v. Zaman*,
   76 A.D.3d 917 (1st Dep't 2010) ................................................................................................. 6, 7

*Chevron Corp. v. Donziger*,
   871 F. Supp. 2d 229 (S.D.N.Y. May 14, 2012); ............................................................................ 6

*Cohen Bros. Realty Corp. v. Mapes*,
   181 A.D.3d 401 (1st Dep't 2020) .................................................................................................... 7

*Cunningham v. Hagedorn*,
   72 A.D.2d 702 (1st Dep't 1979) ...................................................................................................... 8

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000) ............................................................................................................... 9

*DelVecchio v Collins*,
   178 A.D.3d 1336 (3rd Dep't 2019) .................................................................................................. 8

*Henneberry v. Sumitomo Corp. of Am.*,
   415 F. Supp. 2d 423 (S.D.N.Y. 2006) ............................................................................................. 8

*Hongxia Wang v. Enlander*,
   No. 17 Civ. 4932, 2018 U.S. Dist. LEXIS 37910 (S.D.N.Y. Mar. 6, 2018) ............................... 2

*Hyosung Am. Inc. v. Sumagh Textile Co., Ltd.*,
   25 F. Supp. 2d 376 (S.D.N.Y. 1998) ............................................................................................ 6

*K.D. Hercules, Inc. v. Laborers Local 78 of the Laborer's Int'l Union of N. Am.*,
   No. 20 Civ. 4829 (LGS), 2021 U.S. Dist. LEXIS 79593 (S.D.N.Y. Apr. 26, 2021) .................. 9

*Kovkov v. Law Firm of Dayrel Sewell, PLLC*,
   182 A.D.3d 418 (1st Dep't 2020) ................................................................................................ 7

*Lambert v. Edelman*,
   24 A.D.2d 562 (1st Dep't 1965) .................................................................................................. 8

*Marvel Characters, Inc. v. Simon*,
   310 F.3d 280 (2d Cir. 2002) ................................................................................................... 4, 5

*O'Brien v. Argo Partners, Inc.*,
   736 F. Supp. 2d 528 (E.D.N.Y. 2010) ........................................................................................ 6

*Pasternack v. Laboratory Corp. of Am. Holdings*,
   27 N.Y.3d 817 (2016) ............................................................................................................. 3, 6

*Prestige Bldr. & Mgt. LLC v Safeco Ins. Co. of Am.*,
   896 F. Supp. 2d 198 (E.D.N.Y. 2012) ........................................................................................ 6

*Quintanilla v. WW Int'l, Inc.*,
   20 Civ. 6261 (PAE), 2021 U.S. Dist. LEXIS 97769 (May 21, 2021) ........................................ 3

*Indus. Risk Insurers v. Port Auth. of N.Y. & N.J.*,
   493 F.3d 283 (2d Cir. 2007) ........................................................................................................ 4

*Rice v. Manley*,
   66 N.Y. 82 (1876) ........................................................................................................................ 6

*Roeder v. Rogers*,
   206 F. Supp. 2d 406 (W.D.N.Y. 2002) ....................................................................................... 5

*Ruffing v. Union Carbide Corp.*,
   308 A.D.2d 526 (2d Dep't 2003) ................................................................................................. 6

*Simmons v. AMTRAK*,
   19 Civ. 6986 (LGS), 2020 U.S. Dist. LEXIS 98600 (S.D.N.Y. Jun. 2, 2020) ............................ 2

*V.D.B. Pac. B.V. v. Chassman*,
   09 Civ. 8081, 2012 U.S. Dist. LEXIS 29618 (S.D.N.Y. Mar. 5, 2012) .................................... 10

*Zapata v. HSBC Holdings PLC*,
   414 F. Supp. 3d 342 (E.D.N.Y. 2019) ................................................................................. 5

*Zappin v. Cooper*,
   16 Civ. 5984 (KPF), 2018 U.S. Dist. LEXIS 17520 (S.D.N.Y. Feb. 2, 2018) ........................... 4

*Zdanok v. Glidden Co.*,
   327 F.2d 944 (2d Cir. 1964) ................................................................................................. 5

### Statutes

28 U.S.C. § 1927 ................................................................................................................... 10

Fed. R. Civ. P. 11 ............................................................................................................... 5, 10

Defendant, David Kim, submits this Reply Memorandum of Law in response to Plaintiff's opposition to his Motion to Dismiss, or in the alternative, to stay proceedings. Also submitted herewith is the Transmittal Declaration of Steven J. Shore ("Shore Reply Decl.").[1]

## PRELIMINARY STATEMENT

The FAC contends that by filing his state-court lawsuit and the Notice of Pendency, Kim committed ten different torts. In two pre-motion letters and in his moving Memorandum, Kim demonstrated that none of these ten claims was viable. Among other things, Kim showed that under New York law, "it is clear that the **only** actionable wrong which may arise from the [allegedly] improper filing of a notice of pendency is a cause of action for malicious prosecution." *35-45 May Assocs. v. Maylock Assocs.*, 162 A.2d 389, 390 (1st Dep't 1990) (emphasis added). This showed that nine of the FAC's ten claims failed as a matter of law. The tenth claim, for malicious prosecution, also was not viable because the underlying State Court Action has not terminated, and because Plaintiff has not sufficiently pleaded malice, two indispensable elements of such a claim. For these and many other reasons, none of Plaintiff's theories stated a legally sufficient claim. In opposition, Plaintiff belatedly withdrew four of its claims, implicitly acknowledging they had no merit. Plaintiff should have withdrawn its remaining claims as well.

As discussed in Kim's moving papers, all of Plaintiff's claims are predicated on the assertion that Kim's filing of the Notice of Pendency was improper. Plaintiff also sought to have the Notice of Pendency cancelled in the State Court Action based on the same contentions raised in the FAC. Plaintiff fails to advise the Court that in a Decision and Order dated June 11, 2021 – after Kim filed this motion to dismiss on June 7, 2021 but before Plaintiff filed its opposition – the

---

[1] Capitalized terms used herein have the meanings set forth in the Defendant's Memorandum of Law in Support of His Motion to Dismiss the Amended Complaint ("Memorandum" or "Def. Mem."; ECF 23).

New York State Supreme Court denied Plaintiff's motion to cancel the Notice of Pendency (the "State Court Decision"). (Shore Reply Decl. Ex. "A"). As Justice Bannon stated:

> CPLR 6501 provides that "[a] notice of pendency may be filed in any action in a court of the state in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property." Inasmuch as the plaintiff has made claims and asserted several colorable causes of action that put into question the title to and possession and use of the real property described in the notice of pendency, **this action falls within the scope of CPLR 6501.** (Emphasis added).

(*Id.* at 1). Accordingly, Justice Bannon denied the motion to cancel the Notice of Pendency unless Plaintiff posted a bond for the full value of Unit 3B (*id.* at 1-2), which Plaintiff has declined to do.

Justice Bannon's conclusion that the Notice of Pendency was properly filed under New York law – and the federal and state caselaw recognizing that filing such a notice is routine in an action affecting title to real property – further demonstrates that Kim did not commit a tortious interference, fraud, injurious falsehood, private nuisance, or any other tort. Instead of acknowledging the State Court Decision and either conceding that the decision doomed this action or at least explaining why it does not, Plaintiff astonishingly asserts that the State Court Action "is not relevant" to this litigation (Opp. Br. 1), which is absurd because the entire basis of Plaintiff's claims is Kim's filing of the State Court Action and of the Notice of Pendency.

As set forth in Point I below, the FAC, to the extent Plaintiff has not withdrawn it, should be dismissed. Over and over again, Plaintiff has no answer to Kim's legal arguments and simply ignores them, as if in hope that doing so will make them disappear. As Rocky would say to Bullwinkle, "that trick never works." *See, e.g., Hongxia Wang v. Enlander*, No. 17 Civ. 4932 (LGS), 2018 U.S. Dist. LEXIS 37910, at *20 (S.D.N.Y. Mar. 6, 2018) (Schofield, J.) (legal theory would be deemed abandoned where "Plaintiff did not respond to Defendant's argument"); *see also Simmons v. AMTRAK*, 19 Civ. 6986 (LGS), 2020 U.S. Dist. LEXIS 98600, at *11 (S.D.N.Y. Jun. 2, 2020) (Schofield, J.). In other words, "[a]t the motion to dismiss stage, where review is limited

to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim." *Quintanilla v. WW Int'l, Inc.*, 20 Civ. 6261 (PAE), 2021 U.S. Dist. LEXIS 97769, at *36 (May 21, 2021) (citation omitted); *Budhani v. Monster Energy Co.*, No. 20-cv-1409 (LJL), 2021 U.S. Dist. LEXIS 54551, at *35 (S.D.N.Y. Mar. 12, 2021).

Even when Plaintiff does attempt to rebut Kim's arguments and authorities, it does so frivolously. For example, Kim argued in opposition to the fraud claims that, under New York law, fraud requires a misrepresentation relied upon by the plaintiff itself and not by a third party. The New York Court of Appeals ruled definitively to this effect in *Pasternack v. Laboratory Corp. of Am. Holdings*, 27 N.Y.3d 817, 827-29 (2016), a case discussed at length in Kim's brief. (Def. Mem. 14-15). Rather than address or attempt to distinguish *Pasternack*, Plaintiff cites six cases in support of its fraud claims, all of which predate *Pasternack*. Not only are these cases no longer good law after *Pasternack*, but the *Pasternack* decision expressly discussed and rejected four of them by name. *Id.* Plaintiff also says nothing about the rule that a Notice of Pendency cannot support any tort claim other than, under certain narrow circumstances, malicious prosecution. Nor does it address the effect of its judicial admission in another federal complaint that "Kim believed he had the right to acquire" Unit 3B. (Def. Mem. 12, quoting Shore Moving Decl. Ex. "C" ¶ 20). Accordingly, Plaintiff's remaining claims should be dismissed.

As discussed in Point II below, not only should the FAC be dismissed, but the dismissal should be with prejudice and Plaintiff's request for leave to replead should be denied. Plaintiff already had the benefit of Kim's first pre-motion letter, which demonstrated why none of the three claims in the original Complaint stated a claim or even made sense, before it filed the FAC, yet nonetheless chose to retain those three claims and to add seven more claims that all contained the same deficiencies along with many others. This is not a case where a plaintiff merely failed to

provide sufficient detail to make out a claim or committed a semantic pleading error that could be fixed. The problems with the FAC go much deeper: Plaintiff's theories are fundamentally incompatible with New York law, something no amount of repleading could cure.

As discussed in Point III below, to the extent any of Plaintiff's remaining claims are not dismissed, this action should be stayed pending the resolution of the first-filed State Court Action.

Finally, as discussed in Point IV below, given Plaintiff's continued pursuit of its claims after receiving Kim's pre-motion letters and after the State Court rejected them, without even disclosing the State Court Decision, the Court should consider imposing sanctions.

## ARGUMENT

### POINT I

### THE REMAINING CLAIMS OF THE FAC SHOULD BE DISMISSED

"[I]t is clear that the only actionable wrong which may arise from the improper filing of a notice of pendency is a cause of action for malicious prosecution." *35-45 May Assocs.*, 162 A.D.2d at 390. This dooms Plaintiff's claims for tortious interference, fraud, fraudulent misrepresentation, civil conspiracy, injurious falsehood, and private nuisance, each of which attempts to plead an "actionable wrong" arising from the Notice of Pendency other than malicious prosecution.

Plaintiff is also barred from pursuing these claims following the State Court Decision holding that Kim's filing of the Notice of Pendency was proper. The doctrine of collateral estoppel prohibits a party from relitigating an issue where (i) the issue was decided "in a previous proceeding" (ii) "in which that party had a full and fair opportunity to litigate, and (iii) the issue "is decisive of the present action." *Zappin v. Cooper*, 16 Civ. 5984 (KPF), 2018 U.S. Dist. LEXIS 17520, at *41 (S.D.N.Y. Feb. 2, 2018) (quoting *Indus. Risk Insurers v. Port Auth. of N.Y. & N.J.*, 493 F.3d 283, 287-88 (2d Cir. 2007)); *see also Marvel Characters, Inc. v. Simon*, 310 F.3d 280,

4

288 (2d Cir. 2002). Collateral estoppel is not limited to cases in which a judgment was entered "which ends the litigation and leaves nothing for the court to do but execute the judgment, but includes many dispositions which, though not final in that sense, have nevertheless been fully litigated." *Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342, 351 (E.D.N.Y. 2019) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 955 (2d Cir. 1964)). Here, following extensive briefing involving the same arguments presented to this Court (*see* Shore Moving Decl. Exs. "F" and "H"), the New York State Supreme Court determined that Kim properly filed the Notice of Pendency under CPLR 6501 (Shore Reply Decl. Ex "A" at 1), thereby precluding Plaintiff from relitigating the issue here. Even if collateral estoppel did not apply, the State Court Decision would, at least, be highly persuasive authority that filing the Notice of Pendency was proper under New York law.

In addition to these grounds for dismissal, each of the remaining claims is barred for yet additional reasons as discussed below.

### A.    The Tortious Interference Claim (First Claim) Should Be Dismissed

As Kim showed in his opening brief, the filing of a Notice of Pendency, in an action affecting the title to real property, cannot constitute a tortious interference. (Def. Mem. 10-11) (citing *Roeder v. Rogers*, 206 F. Supp. 2d 406 (W.D.N.Y. 2002), *aff'd*, 58 Fed. App'x 879 (2d Cir. 2003). This is so clear that filing such a claim can give rise to Rule 11 sanctions. *Id.* at 417. In addition, Kim's moving Memorandum identified three additional fatal defects in the tortious interference claim: (i) filing the Notice of Pendency could not have interfered with Plaintiff's relations with the would-be purchasers of Unit 3B because Plaintiff only identified them two months **after** the filing (Def. Mem. 10); (ii) Plaintiff conceded that Kim did not act with "malice" – which requires a defendant's sole motive to have been to inflict injury upon Plaintiff – when it acknowledged Kim filed the Notice of Pendency to advance his economic interests (*id.* at 11-12);

5

and (iii) Plaintiff's allegation in its other federal action that Kim "believed that he had a right to acquire the Condominium Unit" is inconsistent with the culpable state of mind required for a tortious interference claim (*id.*, quoting Shore Moving Decl. Ex. "C" ¶ 20). Plaintiff ignores these points, thereby conceding that its tortious interference claim fails on those grounds as well.

### B. The Fraud and Fraudulent Misrepresentation Claims (Third and Fourth Claims) Should Be Dismissed

In his Memorandum, Kim established that Plaintiff did not allege two of the central elements of fraud or fraudulent misrepresentation: a false statement and Plaintiff's reliance upon it. (Def. Mem. 14-15). Plaintiff ignores Kim's cases holding that "**a notice of pendency is an undeniably true statement.**" (Def. Mem. 15, 20) (citing *Casa de Meadows Inc. (Cayman Islands) v. Zaman*, 76 A.D.3d 917, 922 (1st Dep't 2010) (quoting *35-45 May Assocs.*, 162 A.D.2d at 389-90)) (emphasis added). Making "an undeniably true statement" does not constitute fraud.

Nor does Plaintiff address *Pasternack*, 27 N.Y.3d 817, the New York Court of Appeals decision requiring a fraud plaintiff to have itself relied upon the statement at issue. (Def. Mem. 14-15). Instead, Plaintiff disingenuously cites six pre-*Pasternack* cases, four of which *Pasternack* expressly overruled or rejected, for the proposition that the plaintiff need not rely upon the purportedly false statement if a third party relied on it – the exact proposition the New York Court of Appeals repudiated in *Pasternack*. (Pl. Mem. 14).[2] Plaintiff also fails to rebut, and thereby concedes, Kim's argument that Plaintiff's judicial admission in another federal action that "David

---

[2] *Pasternack* expressly overruled or rejected the decisions in *Prestige Bldr. & Mgt. LLC v Safeco Ins. Co. of Am.*, 896 F. Supp. 2d 198, 205 (E.D.N.Y. 2012); *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229 (S.D.N.Y. May 14, 2012); *Buxton Mfg. Co. v. Valiant Moving & Storage, Inc.*, 239 A.D.2d 452 (2d Dep't 1997); *Ruffing v. Union Carbide Corp.*, 308 A.D.2d 526, 528 (2d Dep't 2003); *Rice v. Manley*, 66 N.Y. 82 (1876). Plaintiff's other cases, *O'Brien v. Argo Partners, Inc.*, 736 F. Supp. 2d 528, 537 (E.D.N.Y. 2010), and *Hyosung Am. Inc. v. Sumagh Textile Co., Ltd.*, 25 F. Supp. 2d 376, 383-84 (S.D.N.Y. 1998) relied upon the *Ruffing* and *Buxton* decisions that *Pasternack* overruled.

Kim believed that he had a right to acquire" Unit 3B negates the scienter required for a fraud or fraudulent misrepresentation claim. (Def. Mem. 15) (citing Shore Moving Decl. Ex. "C" at ¶ 20).

### C. The Civil Conspiracy Claim (Seventh Claim) Should Be Dismissed

Confronted with controlling authority that no independent cause of action for civil conspiracy exists under New York law (Def. Mem. 19-20), Plaintiff cites to two cases holding that "[a]lthough New York does not recognize an independent cause of action for civil conspiracy, allegations of civil conspiracy are permitted to connect the actions of separate defendants with an otherwise actionable tort." (Pl. Mem. 19-20) (citing *Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020), and *Bargain Me Online LLC v. Ofek*, Index No. 655810/2020, 2021 N.Y. Misc. LEXIS 1478, at *6 (Sup. Ct. N.Y. Co. Apr. 2, 2021)).

The smidgen of truth in Plaintiff's argument is that in certain limited circumstances, a civil conspiracy theory can be used to connect Defendant A with the tortious conduct of Defendant B. One necessary prerequisite to invoking this theory is a well-pleaded claim for an underlying tort committed by a defendant **other than** the one accused of civil conspiracy. Here, Kim is the only defendant named and the underlying torts that Plaintiff alleges were committed by Kim himself (and were not tortious in any event). Kim could not "conspire" with himself and Plaintiff's attempt to salvage its civil conspiracy claim fails.

### D. The Injurious Falsehood Claim (Ninth Claim) Should Be Dismissed

Slander of title and injurious falsehood have "essentially identical" elements. *Casa de Meadows*, 76 A.D.3d at 922. Plaintiff withdrew its slander of title claim, but not its injurious falsehood claim, without explaining why they should be treated differently.

The uttering of a "falsehood" is essential to an injurious falsehood claim, but, as discussed above, "a notice of pendency is an undeniably true statement." *Id.* Therefore, this claim should

be dismissed. As with its other claims, Plaintiff did not address the substance of Kim's arguments to dismiss its injurious falsehood claim. Instead, Plaintiff argues merely that the tort of injurious falsehood exists in New York, which Kim does not dispute, and that "aspersions upon the title to property, or its quality" can sometimes constitute that tort. (Opp. Br. 22-23). But none of Plaintiff's cases concerned notices of pendency or suggested that filing a notice of pendency could support this claim. *See Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 470-71 (S.D.N.Y. 2006) (statements in business meetings); *Cunningham v. Hagedorn*, 72 A.D.2d 702, 704 (1st Dep't 1979) (dismissing claim for statements unrelated to property); *Lambert v. Edelman*, 24 A.D.2d 562, 562 (1st Dep't 1965) (statements to broker and prospective customer).

E.     **The Private Nuisance Claim (Tenth Claim) Should Be Dismissed**

As Kim demonstrated in his moving papers, Plaintiff's Tenth Claim alleging that filing and maintaining the Notice of Pendency constituted a "private nuisance" should be dismissed because (i) malicious prosecution is the only actionable wrong which may arise from the improper filing of a notice of pendency and (ii) filing a notice of pendency in the office of the New York County Clerk is not the type of "recurring" "invasion" akin to excessive noise, dust or odors required to sustain a private nuisance claim. (Def. Mem. 20-22) (citing *Berenger v. 261 W. LLC,* 93 A.D.3d 175, 182 (1st Dep't 2012); *DelVecchio v Collins*, 178 A.D.3d 1336, 1337 (3d Dep't 2019)). Plaintiff did not acknowledge, let alone attempt to rebut either argument.

**POINT II**

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSSED<br>WITHOUT LEAVE TO REPLEAD AND WITH PREJUDICE**

Plaintiff asks that if the FAC is "dismissed because it lacks or requires more particularized or definitive allegations", the dismissal be without prejudice and with leave to replead. (Pl. Mem. 24-25). While leave to replead is liberally granted, it should be denied as futile where, as here,

"defects in the complaint are substantive and cannot be cured by repleading." *Caldwell v. Barriere*, 844 Fed. App'x 461, 462 (2d Cir. 2021) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *K.D. Hercules, Inc. v. Laborers Local 78 of the Laborer's Int'l Union of N. Am.*, No. 20 Civ. 4829 (LGS), 2021 U.S. Dist. LEXIS 79593, at *11 (S.D.N.Y. Apr. 26, 2021) (Schofield, J.).

Plaintiff had the benefit of Kim's first pre-motion letter when it filed the FAC, yet filed claims containing the fundamental defects identified the letter. Each of Plaintiff's remaining claims still suffer from fundamental defects that cannot be cured with "more particularized or definitive allegations." Plaintiff should never have filed these baseless claims and, despite being served with a pre-motion letter highlighting their deficiencies and the State Court Decision, chose not to withdraw them. Kim has already had to incur substantial expenses seeking to have those claims dismissed. The Court should dismiss the FAC's remaining claims with prejudice and deny Plaintiff's request for leave to replead yet again.

## POINT III

### IF ANY CLAIMS ARE NOT DISMISSED, THEY SHOULD BE STAYED PENDING THE STATE COURT ACTION

Because Plaintiff's claims involve the same issues as the first-filed and further advanced State Court Action, Kim moved in the alternative to stay proceedings on any claims in this action that the Court does not dismiss. (Def. Mem. at 1, 22). Plaintiff's response to this aspect of the motion is purely conclusory and provides no rationale for having duplicative litigation between the same parties on the same issues proceed in this Court as well as in the State Court Action.

## POINT IV

### AN AWARD OF SANCTIONS IS APPROPRIATE

In addition to dismissing the FAC with prejudice, Kim submits that this is an appropriate case in which the Court may wish to award sanctions. This is a retaliatory litigation that required

duplicative litigation of the same issues that were already before the State Court. The initial Complaint contained three claims that were not viable under New York law, as Kim pointed out in his first pre-motion letter, yet Plaintiff filed the FAC containing the same three deficient claims and seven more that were equally deficient. Kim was required to write a second pre-motion letter and then file his Memorandum of Law and this Reply Memorandum showing why the claims have no merit as a matter of law. In the interim, the State Court Decision adjudicated that Kim had the right to have filed the Notice of Pendency, but even this did not dissuade Plaintiff and its counsel from continuing to burden the Court with a meritless lawsuit. The Court may wish to consider the *sua sponte* imposition of sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and/or the Court's inherent powers. *See, e.g., V.D.B. Pac. B.V. v. Chassman*, 09 Civ. 8081, 2012 U.S. Dist. LEXIS 29618, at *4 (S.D.N.Y. Mar. 5, 2012 (motion not required for § 1927 sanctions).

## CONCLUSION

For all the foregoing reasons, the FAC should be dismissed with prejudice, and leave to replead should be denied.

Dated: New York, New York
July 12, 2021

                                      GANFER SHORE LEEDS & ZAUDERER LLP

By: _____
                                         Steven J. Shore
                                         Ira Brad Matetsky
                                         Yoram J. Miller
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
sshore@ganfershore.com
*Attorneys for Defendant, David Kim*