UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                 :
UNIT 3B 11 BEACH LLC,                   :
                      Plaintiff,   :         21 Civ. 3068 (LGS)
                                   :
         -against-            :        OPINION AND ORDER
                                   :
DAVID KIM,                        :
                      Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Unit 3B 11 Beach LLC ("Unit 3B LLC" or "Plaintiff"), the owner of the condominium unit located at 11 Beach Street, Unit 3B, New York, New York (the "Condominium Unit"), brings this action seeking damages against Defendant David Kim.  On December 21, 2020, Kim filed a complaint in the New York State Supreme Court against Unit 3B LLC and others seeking to enforce his rights to purchase the Condominium Unit (the "State Court Action").  Kim also filed a Notice of Pendency against the Condominium Unit.  Unit 3B LLC then commenced this action alleging that the Notice of Pendency caused Plaintiff damages.  Defendant moves to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the foregoing reasons, Defendant's motion to dismiss is granted.

## I.    BACKGROUND

        The following facts are taken from the FAC or are matters of which judicial notice may be taken, *see Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021), such as the fact of judicial proceedings, *see Bellin v. Zucker*, 6 F.4th 463, 471 (2d Cir. 2021).  The facts are construed in the light most favorable to Plaintiff as the non-moving party.  *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

Starting around 2013, Kim made a series of loans to HFZ Capital Group, LLC ("HFZ Capital"), which is an affiliate of the condominium's sponsor, HFZ 11 Beach Street LLC (the "Sponsor").  In January 2016, Kim and HFZ Capital entered into an agreement that consolidated the loans in the total amount of $2,738,760.  The agreement also provided that HFZ Capital would cause the Sponsor to agree to sell a condominium unit to Kim, and that the loan amount owed by HFZ Capital to Kim would be credited toward that sale.  Kim was required to pay the remaining balance of $644,690 to close title to the Condominium Unit.  In September 2016, Kim entered into an option agreement to purchase the Condominium Unit (the "Purchase Agreement"), which required him to make two down payments of $239,700.  HFZ Capital was required to make the down payments on Kim's behalf.  The Complaint alleges that, because no payments were made toward the purchase, Kim had no valid option to acquire the Condominium Unit.  In November 2020, the Condominium Unit was transferred to Unit 3B LLC.

On December 21, 2020, Kim initiated the State Court Action against Unit 3B LLC and the Sponsor to enforce his rights under the Purchase Agreement and filed the Notice of Pendency against the Condominium Unit.  Kim later added HFZ Capital and other defendants to the State Court Action, alleging that he had exercised his right to purchase the Condominium Unit, had been falsely informed that the required down payment had been made and, essentially, that he had been defrauded.  *See Kim v. HFZ 11 Beach Street LLC*, No. 657153/2020, 2021 WL 4846552, at *2-4 (N.Y. Sup. Ct. Oct. 11, 2021).  In March 2021, Unit 3B LLC moved to dismiss the six claims against it in the State Court Action and cancel the Notice of Pendency.  *Id*. at *5.  The New York Supreme Court declined to dismiss Kim's claims against Unit 3B LLC for specific performance, voidable transfer and tortious interference.  *Id*.  The state court granted in part the motion to cancel the Notice of Pendency, ordering the "double bonding" approach of

CPLR 6515(2) to cancel the Notice of Pendency.  *See Kim v. HFZ 11 Beach Street LLC*, No. 657153/2020, 2021 WL 2548337 (N.Y. Sup. Ct. June 11, 2021), *aff'd*, 153 N.Y.S.3d 852 (1st Dep't 2021).

## II.    LEGAL STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon*, 994 F.3d at 101.  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

## III.    DISCUSSION

The FAC asserts ten claims, four of which Plaintiff withdrew "without prejudice" in its opposition to the motion to dismiss.  As Plaintiff did not substantively respond to the motion to dismiss the withdrawn claims, they are dismissed as abandoned.  *See, e.g., Harrington Glob.*

*Opp. Fund, Ltd. v. CIBC World Mkts. Corp.*, No. 21 Civ. 761, 2022 WL 409089, at *12

(S.D.N.Y. Feb. 9, 2022); *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 686 (S.D.N.Y.

2021).

      At issue are the remaining six claims -- tortious interference with prospective business

relations, fraud, fraudulent misrepresentation, injurious falsehood, private nuisance and civil

conspiracy.  These claims all challenge the filing of the now-cancelled Notice of Pendency and

its interference with Plaintiff's ability to sell the Condominium Unit.  New York law provides

that a notice of pendency "may be filed in any action . . . in which the judgment demanded would

affect the title to, or the possession, use or enjoyment of, real property . . . ."  CPLR § 6501.  Any

purchaser of the real property is deemed to have constructive notice of the action and is bound by

all proceedings in the action.  *Id*.  The FAC is dismissed for the reasons discussed below.

### A.    Tortious Interference with Prospective Business Relations

      The FAC does not state a sufficient cause of action for tortious interference.  The FAC

alleges that Plaintiff lost the opportunity to sell the Condominium Unit because Kim wrongfully

filed the Notice of Pendency against the Condominium Unit based on a "frivolous" lawsuit, filed

for the sole and improper purpose of achieving Kim's "collateral objective" of "coercing" HFZ

Capital to repay its unrelated debt to Kim.

      Under New York law, a claim for tortious interference with prospective business

relations, which is "also known as tortious interference with prospective economic advantage,"

requires a showing that "(1) the plaintiff had business relations with a third party; (2) the

defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose

or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the

relationship."  *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015).  As for the third

element, the "wrongful means" requirement sets a high bar.  *Id*. at 262.  A claim for tortious

interference requires a plaintiff to show, as a general rule, that "the defendant's conduct . . .

amount[ed] to a crime or an independent tort."  *Id*. at 262 (alteration in original).

The FAC alleges that the Notice of Pendency was wrongful for two related reasons --

first, that the underlying suit was meritless because Kim "never had a legitimate right to purchase

the Condominium Unit, because no down payment was ever made for the purchase," and second,

that Kim nevertheless filed the State Action to obtain the Condominium Unit for the improper

purpose of pressuring HFZ Capital to repay its debt to Kim, even though HFZ Capital was not

the seller of the unit and had no relationship to the Condominium Unit or to Plaintiff.  These

facts do not sufficiently allege a claim.

As to the first, the allegation that the Notice of Pendency is based on a meritless lawsuit

is inadequate to allege tortious interference.  The FAC alleges that Defendant's conduct

amounted to the independent tort of abuse of process.  However, as a matter of law, "[t]he

institution of a civil action by summons and complaint is not legally considered process capable

of being abused."  *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984).  Perhaps in recognition of this

principle, Plaintiff withdrew its abuse of process claim in its response to Defendant's motion to

dismiss.  That Kim's claim to the Condominium Unit in the State Action is not frivolous -- and

therefore not wrongful -- is borne out by the state court's denying Unit 3B LLC's motion to

dismiss the specific performance and voidable transfer claims.

Equally unavailing is the FAC's second assertion that Kim's allegedly improper motive

in filing the State Action satisfies the "wrongful purpose" element of a tortious interference

claim.  This claim is insufficient because the Notice of Pendency served precisely the purpose for

which it was intended -- to provide notice to the world of the litigation and competing claim to

the property in question.  *See Roeder v. Rogers*, 206 F. Supp. 2d 406, 412 (W.D.N.Y. 2002)

(applying New York law and dismissing tortious interference claim because "the properly filed

notice of pendency did not constitute 'wrongful' conduct which would subject defendants to

liability . . . [and because] there was a legitimate purpose in filing the notice of pendency because

it provided notice to the world of the pending litigation"), *aff'd,* 58 F. App'x 879 (2d Cir. 2003).

The Second Circuit has distinguished between an improper motive and an improper purpose in

assessing the similar claim of abuse of process.  "In order to state a claim for abuse of process, a

plaintiff must establish that the defendants had an improper *purpose* in instigating the action. . . .

[I]mproper motive is not enough."  *Savino v. City of New York*, 331 F.3d 63, 76-77 (2d Cir.

2003) (citation omitted) (construing New York law in analyzing a § 1983 claim for abuse of

process); *accord Ficklin v. Rusinko*, No. 18 Civ. 6310, 2020 WL 5513812, at *7 (W.D.N.Y.

Sept. 14, 2020).

### B.      Fraud, Fraudulent Misrepresentation and Injurious Falsehood

The FAC's claims sounding in fraud are dismissed.  The FAC's third, fourth and ninth

causes of action allege fraud, fraudulent misrepresentation and injurious falsehood.  These claims

are all based, explicitly or implicitly, on Kim's allegedly false statement that he has a right to

acquire the Condominium Unit.  The fraud claim alleges that "Kim knowingly made false

representations to Plaintiff and others, that Defendant Kim has a right to own the Condominium

Unit . . . [and] filed the Notice of Pendency knowing that [he] has no legal right to the title to the

Condominium Unit."  The fraudulent misrepresentation claim alleges that "Kim made a

misrepresentation to Plaintiff and to the public by filing a Notice of Pendency against the

Condominium Unit."  The injurious falsehood claim alleges that "Defendant David Kim

maliciously made false statements, to wit: that [he] has a right to acquire the Condominium Unit

pursuant to a contract between Seller and . . . Kim, which statements were made **by filing the Notice of Pendency**" (emphasis in original).

Because each claim "sounds in fraud, the plaintiff must state with particularity the circumstances constituting fraud" under Federal Rule of Civil Procedure 9(b). *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 150 (2d Cir. 2021) (internal quotation marks omitted) (citing Fed. R. Civ. P. 9(b)). To satisfy this requirement, "[t]he complaint must detail the specific statements that are false or fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018). The three fraud-related claims in the FAC are deficient because the FAC fails to allege the particulars of the misrepresentation -- on how many occasions the statement was made, to whom, where and in what circumstances -- as required by Rule 9(b).

Even if the particulars were sufficiently pleaded, these claims would fail. The allegedly false statement that Kim has a right to own the Condominium Unit was not "false" when made, or even known by Kim to be incorrect, as the matter is still under consideration in the State Action and, as noted above, survived a motion to dismiss. *See Emby Hosiery Corp. v. Tawil*, 151 N.Y.S.3d 406, 409 (2d Dep't 2021) ("The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages."). Similarly, filing the Notice of Pendency was not fraudulent because it accurately provided notice of a pending action against the Condominium Unit. *See Casa de Meadows Inc. (Cayman Islands) v. Zaman*, 908 N.Y.S.2d 628, 630 (1st Dep't 2010) ("The elements of injurious falsehood are essentially identical to slander of title[, . . . and] [t]he filing of a notice of pendency does not give rise to a cause of action for

slander of title because a notice of pendency is an undeniably true statement." (internal quotation marks and citation omitted)).

### C.      Private Nuisance

The FAC's claim of private nuisance is also dismissed.  Plaintiff asserts that Defendant "intentionally interfered with Plaintiff['s] right of ownership of the Condominium Unit . . . by filing of the Notice of Pendency."  A claim of private nuisance requires a substantial, intentional and unreasonable interference "with a person's property right to use and enjoy land," such as causing recurring noise.  *Berenger v. 261 W. LLC*, 940 N.Y.S.2d 4, 11 (1st Dep't 2012). A private nuisance "is distinguished from trespass which involves the invasion of a person's interest in the exclusive possession of land."  *MacArthur Prop., LLC v. Metro. Transp. Auth.*, 107 N.Y.S.3d 812 (N.Y. Sup. Ct. 2017), *judgment entered,* No. 116303/09, 2017 WL 10398316 (N.Y. Sup. Ct. July 20, 2017), *aff'd,* 81 N.Y.S.3d 897 (1st Dep't 2018).  In this case, the FAC makes no allegation that Kim has interfered with Plaintiff's right to use and enjoy, or even possess, the Condominium Unit.  Instead the FAC complains of Plaintiff's inability to sell the unit because of the Notice of Pendency.  This type of interference is not actionable as a nuisance claim.

### D.      Civil Conspiracy

The FAC's civil conspiracy claim fails because all other claims fail, and "New York does not recognize an independent tort of [civil] conspiracy."  *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006); *accord Cartier Saada S.A. v. Bank of America, N.A.*, No. 21 Civ. 2501, 2022 WL 195598, at *3 (S.D.N.Y. Jan. 21, 2022).

C.     **Leave to Replead**

Plaintiff seeks leave to amend the FAC in the event Defendant's motion to dismiss is granted.  Leave to replead or amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a).  "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  The Court does not believe that the deficiencies identified above can be cured or that a different viable cause of action can be stated.  Nevertheless, any application for leave to replead shall be made as provided below.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 22.

Should Plaintiff seek to replead, it shall file within 14 days of this order a red-lined version of the proposed second amended complaint, showing changes from the FAC, together with a letter application, not to exceed three pages, explaining how the claims cure the deficiencies identified above, or if Plaintiffs seeks to assert any withdrawn claims, responding to Defendant's arguments in support of the instant motion to dismiss.

Dated: February 23, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE